IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JERRY TORRES,

      Petitioner,

vs.                                                  No. CIV 99-1269 JP/LCS

LAWRENCE TAFOYA, Warden,
and THE ATTORNEY GENERAL
OF THE STATE OF NEW MEXICO,

      Respondents.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Respondents' Motion to Dismiss, filed May 22, 2000, (Doc. 19). Petitioner has failed to respond to the Motion to Dismiss. The Court has considered the motion, the memorandum, the record herein, and the relevant law. For the reasons stated, I propose finding that the Motion is well taken and recommend that it be **GRANTED**.

### PROPOSED FINDINGS

1.     Petitioner is currently incarcerated and is proceeding *pro se* and *in forma pauperis*. Petitioner is confined pursuant to the Judgment, Sentence and Commitment of the Fifth Judicial District Court for the County of Chaves, State of New Mexico, dated October 10, 1996. Petitioner was convicted of first degree murder, two counts of aggravated battery with a firearm, three counts of aggravated assault with a firearm, and shooting at a dwelling or occupied building. (Answer Ex.

A.) Petitioner was sentenced to life imprisonment, to be followed by five years parole, and a twenty and one-half years suspended sentence, with five years of the suspended sentence to be served on probation concurrent with the parole. *See id.*

2. Petitioner participated in a drive-by shooting that occurred at a party on West Deming Street in Roswell, New Mexico on December 31, 1995. (Answer Ex. F at 1.) Petitioner's conviction was based in part upon the testimony of Chico Barnett, another shooting participant. (Answer Ex. F at 2.) At the time he testified, Barnett had pleaded guilty to two counts of aggravated battery, one count of aggravated assault, and one count of shooting at dwelling in connection with the West Deming incident and had been sentenced to twelve years incarceration. (*Id.*) Barnett testified that he rode in the car with other people to the West Deming party and that he fired a shotgun one time into the crowd. (*Id.*) However, when the prosecution asked whose car it was, who was driving, who else was in the car, whether Petitioner had been in the car, and whether anyone else had fired a gun, Barnett repeatedly responded that he did not remember. (*Id.*)

3. The prosecution attempted to refresh Barnett's memory by showing him a transcript of an audio recording of his statement to police made two days after the shooting and, outside the presence of the jury, playing the tape for him. (Answer Ex. F at 2.) After the State was unable to refresh Barnett's memory, the trial court ruled that he was unavailable and admitted the audio recording of the statement. (*Id.*) In the statement, Barnett told police that Petitioner exited the car with him, yelled "Westside" and fired several shots from a nine-millimeter into the crowd. (Answer, Ex. F at 3.)

4. Petitioner appealed his conviction to the New Mexico Supreme Court, raising two issues: whether the trial court's admission of the recorded statement violated New Mexico Rule of

Evidence 11-804(B)(3) and the Confrontation Clause of the Sixth Amendment of the United States Constitution. (Answer Ex. B.) In support of his Confrontation Clause claim before the New Mexico Supreme Court, Petitioner argued that his right to cross-examine was violated because Barnett's lack of memory made any attempt a cross-examination fruitless. (Answer Ex. F at 10.) The New Mexico Supreme Court affirmed Petitioner's conviction on December 21, 1998. (Ans. Ex. F and G.)

    5.    Petitioner filed the instant Petition on November 1, 1999, asserting the following issue:

> Whether a statement, made by a perpetrator to police while in custody, placing the blame for the crimes charged and admitted against applicant during trial, violated applicant's [rights under the] Sixth Amendment Confrontation Clause [and is] subject to harmless error analysis.

(Doc. 1.) In support of this argument, Petitioner asserted, in part, that Barnett's recorded statement was unreliable and admitted in violation of the confrontation clause because it was inconsistent with the testimony of other witnesses. (Pet. at 5-6, 7, 11, 12, 13). This is not the same claim as the claim raised by Petitioner before the New Mexico Supreme Court.

    6.    Respondents answered on March 10, 2000. (Doc. 11.) The Court set a briefing schedule on the defenses raised in the Answer on April 20, 2000. (Doc. 13.) Respondents filed a timely Motion to Dismiss and a Memorandum in support thereof on May 22, 2000. (Doc. 15.) Petitioner was ordered to file a response to the motion to dismiss no later than June 22, 2000. As of this date, Petitioner has failed to respond to Respondents' Motion to Dismiss.

    7.    Local Rule D.N.M. LR-Civ. 7.5(b) provides that failure to file a response in opposition to any motion constitutes consent to grant the motion. Pursuant to my Order of April 20, 2000, Petitioner's response was due June 22, 2000. Accordingly, I propose finding that Petitioner consented to dismissal of his claims against Respondents under Local Rule D.N.M. LR-Civ. 7.5(b)

by failing to file a response.

       8.    I also find that Respondents' Motion to Dismiss is well-taken and should be granted. Respondents assert that Petitioner's claims are subject to dismissal because he presents a mixed petition containing exhausted and unexhausted claims. A habeas petitioner must exhaust available state court remedies before obtaining federal habeas relief. *See Rose v. Lundy*, 455 U.S. 509, 519 (1982). The exhaustion requirement is based on notions of comity and creates a "strong presumption in favor of requiring the prisoner to pursue his available state remedies." *Granberry v. Greer*, 481 U.S. 129, 131 (1987). This Court has the discretion to reach the merits of an unexhausted claim that is clearly without merit, or easily resolvable against the defendant. *See* 28 U.S.C. § 2254 (b)(2); *Hoxsie v. Kerby*, 108 F.3d 1239, 1242-43 (10th Cir. 1997). However, federal district courts routinely dismiss petitions where the petitioner has failed to fully exhaust his state court remedies. *See Bear v. Boone*, 173 F.3d 782, 786 (10th Cir. 1999). Petitioner failed to fully exhaust his state court remedies with respect to the issues raised herein. Accordingly, I propose to find that this case should be dismissed for Petitioner's failure to fully exhaust state court remedies.

### RECOMMENDED DISPOSITION

I recommend that Respondents' Motion to Dismiss, filed May 22, 2000 (Doc. 19), be **GRANTED,** and that the Petition be **DISMISSED**.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW,

Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**